UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LESTER B. LEWIS, JR.(#297939)                                CIVIL ACTION

VERSUS

RICHARD L. STALDER, ET AL.                                   NO. 06-0699-A-M2

**NOTICE**

  Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

  In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

  ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

  Signed in chambers in Baton Rouge, Louisiana, November 13, 2008.

                _____
                MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LESTER B. LEWIS, JR.(#297939)**                                          **CIVIL ACTION**

**VERSUS**

**RICHARD L. STALDER, ET AL.**                                             **NO. 06-0699-A-M2**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on referral back from the District Judge for consideration of the plaintiff's allegations of "nepotism", which he asserted in his objection to the Report and Recommendation of March 6, 2007, rec.doc.no. 4, and the implications, if any, of the plaintiff's apparent voluntary dismissal of defendants Burl Cain and Richard Stalder.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, originally filed this action pursuant to 42 U.S.C. § 1983 against Secretary Richard L. Stalder, Warden N. Burl Cain and Assistant Warden Blane Lachney, complaining that his constitutional rights were violated through his overly long detention in segregated confinement. He asserts that, as a result of a disciplinary charge issued in May, 2005, he was sentenced to a custody change from medium to maximum security confinement and was placed in the working cellblocks. Thereafter, as a result of a second rule violation charged in September, 2005, he was placed in segregated confinement. He complains that, subsequent to that time, he was evaluated at 90-day intervals for a release from such confinement, but he asserts that such evaluations were mere formalities and that inmates are maintained in segregated confinement based purely upon the discretion of security officers. He prayed for monetary damages and a revision of the prison rules relative to "the period of time spent in maximum custody" at the prison.

The Magistrate's Report of March 6, 2007, rec.doc.no. 4, recommended dismissal of the plaintiff's action as legally frivolous within the meaning of 28 U.S.C. § 1915.  Specifically, the undersigned concluded therein that the decision to maintain the plaintiff in segregated confinement was a matter of discretionary classification by prison officials which the Court would not interfere with, that the punishment imposed upon the plaintiff did not subject him to an atypical and significant hardship which would entitle him to procedural due process rights under Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), and that the plaintiff was not entitled to monetary damage in the absence of an allegation of physical injury pursuant to 42 U.S.C. § 1997e(e).  In his opposition to the Report and Recommendation, the plaintiff makes clear that he has no wish to continue to pursue his claim against defendants Richard Stalder and Burl Cain.  He also asserts that two of his periodic 90-day review hearings, conducted in January and April, 2006, were constitutionally deficient because they were chaired by defendant Blaine Lachney, who is the uncle of the security officer who charged the plaintiff with the original disciplinary offense.  The plaintiff contends that this presented a "conflict of interest" and "nepotism" which rendered the 90-day review boards fundamentally unfair.

Initially, the plaintiff makes clear in his opposition that he wishes to voluntarily dismiss his claims against defendants Richard Stalder and Burl Cain.  Specifically, he states therein that his claim "centers around" defendant Blane Lachney and that he wishes to "drop defendants Cain and Stalder from the suit and allow such to proceed with Assistant Blane Lachney as the sole defendant".  Accordingly, inasmuch as Rule 41(a)(1)(A)(I) of the Federal Rules of Civil Procedure allows for a plaintiff's voluntary dismissal prior to answer or dispositive motion, it

is recommended that the plaintiff's claims against these defendants be dismissed, without prejudice.

Turning to the plaintiff's claim against the remaining defendant, Blane Lachney, the plaintiff complains that defendant Lachney improperly presided over two 90-day review hearings in violation of prison rules which mandate that an officer not participate in disciplinary board hearings when the officer is related to the charging officer. The plaintiff further complains that his constitutional right to due process was violated because of the relationship between the defendant and the charging officer. Notwithstanding these assertions, the Court finds that the plaintiff fails to state a claim of constitutional dimension against defendant Lachney.

Initially, to the extent that the plaintiff complains that prison rules were not followed, this claim is clearly without merit. In this regard, the law is clear that a mere violation of state rules or regulations is not actionable under section 1983. Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989). Accordingly, the plaintiff's claim that defendant Lachney violated prison rules or regulations by participating in review of the plaintiff's custody classification is without merit and must be dismissed.

Turning to the plaintiff's claim that defendant Lachney violated the plaintiff's constitutional right to due process by participating in two of the plaintiff's periodic 90-day review hearings, the Court finds that this claim also is without merit. In the first place, whereas courts have previously held that, from a constitutional standpoint, a charging officer should not sit in judgment on his own complaint in prison disciplinary proceedings. See, e.g., Diercks v. Durham, 959 F.2d 710 (8th Cir. 1992), it is not clear that this rule is still in effect where the punishment

imposed upon the inmate is not atypical and significant and does not affect the inmate's length of confinement. The decisions which refer to this rule invariably cite the procedural due process rights of inmates alluded to in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), which sets forth a panoply of rights to which inmates subject to disciplinary action are potentially entitled, among which are "[a]n impartial hearing board ... to the extent that a member of the board may not participate in a case as an investigating or reviewing officer ...." Id. In 1995, however, the United States Supreme Court decided Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), which retreated from Wolff and changed the methodology for evaluating inmates' procedural due process rights in the context of prison disciplinary proceedings. The Sandin Court concluded that inmates in fact possess very limited due process rights where the punishment imposed upon the inmate does not amount to an "atypical and significant hardship ... in relation to the ordinary incidents of prison life". After Sandin, whereas disciplinary punishment which affects an inmate's length of confinement or which exceeds the sentence in an unexpected manner may be seen to invoke the need for procedural due process rights, other punishments typical of prison life, such as segregated confinement as was imposed in Sandin, and here, do not. See Orellana v. Kyle, 65 F.3d 29 (5th Cir. 1995)("After Sandin, .... it is difficult to see that any ... deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional [due process] 'liberty' status"). See also Martin v. Director, 2006 WL 981988 (E.D. Tex. April 11, 2006) (opining in the context of an inmate's claims of due process violations during his disciplinary proceedings that, "none of his claims would have been reviewed if he had not lost any good time."). More

recent reported decisions which have alluded to the rule requiring an impartial hearing officer in prison disciplinary proceedings have, for the most part, involved punishment which impacted upon the inmate's period of confinement and, so, are not dispositive.  Accordingly, it is far from clear that the plaintiff possesses the procedural due process rights of which he now complains.  Cf. Stearns-Miller v. McNeil, 2008 WL 4164110 (N.D. Fla. Sept. 5, 2008)(recognizing that additional procedural protections are warranted where a disciplinary proceeding has resulted in a deprivation of good-time credits, thereby affecting an inmate's length of confinement).

Notwithstanding the foregoing, and without deciding whether the procedural rule mandating an impartial hearing officer remains in effect, the Court finds, in any event, that the rule does not apply in the instant case.  Whereas the reported decisions cited above have referred to the need for an impartial hearing officer unconnected to an inmate's disciplinary charge, the courts have also found that the more attenuated a hearing officer is from the disciplinary charge itself, the less is the need for perceived impartiality.  Thus, for example, the court found no violation where the hearing officer who participated in a disciplinary hearing did not investigate or prepare the disciplinary report but only received it from the reporting officer or signed it as a supervising official.  See, e.g., Pedraza v. Meyer, 919 F.2d 317 (5th Cir. 1990).  See also Cole v. Rouf, 72 F.3d 133 (8th Cir. 1995)("the presence of a certain prison official on the committee that heard subsequent disciplinary charges ... did not deprive him of due process, as this official did not initiate the charges").  In the instant case, the plaintiff alleges, not that defendant Lachney participated in the disciplinary boards which found him guilty of the asserted rule violations and sentenced him to segregated

confinement, but that defendant Lachney merely participated in two subsequent 90-day review panels which were charged only with reviewing the plaintiff's then-custody level and which merely determined to maintain the plaintiff at his status quo classification. Moreover, the plaintiff's complaint in this case of the supposed conflict of interest arises not from defendant Lachney having issued the disciplinary report himself, but rather from the fact that defendant Lachney's nephew, who has since left employment with the prison, issued the report against the plaintiff. In the Court's view, this connection is too attenuated to warrant a conclusion that defendant Lachney violated the plaintiff's constitutional rights by participating in the plaintiff's 90-day review panel hearings, notwithstanding his relationship as uncle to the security officer who originally charged the plaintiff with the prison rule violation.

### RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous within the meaning of 28 U.S.C. § 1915(e)(2).

Signed in chambers in Baton Rouge, Louisiana, November 13, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**